IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | | |
|---|---|---|
| NANCY HOGUE, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| v. | : | |
| PALISADES COLLECTION LLC, & BRUMBAUGH & QUANDAHL, P.C., | : | COMPLAINT AND JURY DEMAND |
| Defendants. | : | |

## COMPLAINT AND JURY DEMAND

Plaintiff Nancy Hogue, by her attorney Ray Johnson, for her claims against the Defendants states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. There is an additional state claim for abuse of process.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is

proper in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Nancy Hogue, is a natural person residing in Creston, Iowa.

4. Defendant Brumbaugh and Quandahl, P.C. (hereinafter "Brumbaugh and Quandahl") is a law firm regularly engaged in the business of collecting debts in the state of Iowa and represented Palisades Collection L.L.C.

5. Defendant, Palisades Collection L.L.C. (hereinafter "Palisades") is a debt collector engaged in the business of collecting debts in the state of Iowa.

6. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Ms. Hogue had an account with Chase Manhattan Bank, and that account was assigned to Palisades.

8. On or about October 16, 2006, Brumbaugh and Quandahl, acting on behalf of Palisades, filed a Petition in Union County District Court against Ms. Hogue seeking $8,443.28.

9. On or about October 24, 2006, Iowa Legal Aid attorney Bill Nassif wrote a letter to Palisades stating that he was representing Ms. Hogue. Palisades and its attorneys were provided with an affidavit stating her sole source of income was Social Security and it was the only source of deposits in her bank account. A similar letter and the affidavit were provided to the Clerk of Court and the Wapello County Sheriff.

10. Brumbaugh and Quandahl obtained a default judgment against Ms. Hogue in Union County district court on or about January 23, 2007. Brumbaugh and Quandahl then directed,

influenced and induced the Sheriff to garnish Ms. Hogue's bank account. On or about February 8, 2007 the Sheriff garnished Ms. Hogue's bank account.

11. Defendants knew Ms. Hogue's bank account held only exempt funds and that she was claiming that exemption. Brumbaugh and Quandahl have demonstrated a pattern and practice of garnishing funds that it knows, or should know, are exempt.

12. The Social Security Act, 42 U.S.C. § 407(a) provides:

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

13. 42 U.S.C. § 1304 provides:

The right to alter, amend, or repeal any provision of this [Social Security] Act is reserved to the Congress.

14. To the extent that any Iowa statute can be interpreted to allow execution, levy, attachment, garnishment or other legal process to attach seize or garnish social security funds, such law is preempted.

## V. FIRST CLAIM OF RELIEF
(Federal FDCPA)

15. All facts and allegations of this Complaint are incorporated herein by reference.

16. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a. Use of an unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. 1692(f).

## VI. SECOND CLAIM FOR RELIEF
(State Unfair Debt Collection)

17. All facts and allegations of this Complaint are incorporated herein by reference.

18. For purposes of Ms. Hogue's alleged obligation to Palisades Collection, Palisades Collection was collecting for a "creditor" as defined in Iowa Code § 537.7102(2).

19. Ms. Hogue's alleged obligations at issue were "debts" as defined by Iowa Code § 537.7102(3).

20. With regard to the attempts to collect from Ms. Hogue as alleged herein, Defendants were "debt collectors" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

21. Defendants violated the State Act. The foregoing acts, omissions and practices of Defendants were violations of Iowa Code § 537.7103, including but not limited to:

   a. Taking an action prohibited by law, in violation of Iowa Code § 537.7103(1)(f).

## VII. THIRD CLAIM FOR RELIEF
(Unconscionable Debt Collection)

22. All facts and allegations of this Complaint are incorporated herein by reference.

23. The issuance of Ms. Hogue's credit card from Chase Manhattan Bank was a "consumer credit transaction" as defined by Iowa law.

24. Defendants engaged in unconscionable conduct in collecting the debt from Ms. Hogue violating Iowa Code § 537.5108(2).

## VIII. FOURTH CLAIM FOR RELIEF
(Abuse of Process)

25. All facts and allegations of this Complaint are incorporated herein by reference.

26. Defendants used a legal process (referring to the type of process and not to be construed that the action itself was legal) to garnish, or have the Sheriff garnish, Ms. Hogue's bank account.

27. The legal process was used in an improper manner and for the impermissible purpose of attempting to obtain exempt funds.

28. Defendants' actions were wanton egregious, wrongful, and constituted an intentional tort, were committed with malice, and/or willful or reckless disregard for the rights of Ms. Hogue, were directed specifically at Ms. Hogue, and were such as would warrant an award of punitive damages.

## IX. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Statutory damages pursuant to Iowa Code § 537.5201(1);

D. Punitive damages for abuse of process;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code chapter 537;

F. For such other relief as the Court deems appropriate in the circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues in the above-captioned action

Respectfully submitted,

_____
RAY JOHNSON
AT0004019
Johnson Law Firm

950 Office Park Rd.
Suite 335
West Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax:  (515) 222-2656
Johnsonlaw29@aol.com